UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. C. RIDER THOMAS,<br><br>          Petitioner,<br><br>   v.<br><br>RICHARD J. KIRKLAND,<br><br>          Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV F 05 0337 OWW LJO HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. #1] |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

      Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, following his jury trial conviction on June 12, 1997, of one count of rape with great bodily injury in violation of Cal. Penal Code §§ 261(a)(2), 667.61(b),(c)(5),(e)(3), 1192.7(c)(3,8), 12022.8, one count of kidnaping in the commission of carjacking with great bodily injury in violation of Cal. Penal Code §§ 209.5(a), 1192.7(c)(8,20), 12022.7(a), and one count of carjacking with great bodily injury in violation of Cal. Penal Code§§ 215(a), 1192.7(c)(8,27), 12022.7. See Exhibit A, Petition. The jury also found true all

1  the special allegations associated with those counts. <u>Id</u>. On July 10, 1997, Petitioner was sentenced
2  to serve an indeterminate term of life with the possibility of parole plus five years.  <u>Id.</u>

3       On July 10, 1997, Petitioner filed a notice of appeal with the California Court of Appeals,
4  Fifth Appellate District (hereinafter "5th DCA"). <u>Id</u>. On January 4, 2000, the 5th DCA affirmed the
5  judgment in an unpublished, reasoned opinion. <u>Id</u>.

6       Thereafter, Petitioner filed a petition for review in the California Supreme Court. The petition
7  was summarily denied on April 19, 2000. <u>See</u> unnumbered p. 2, Petition.

8       On March 11, 2005, Petitioner filed the instant federal petition for writ of habeas corpus in
9  this Court.

10       On April 8, 2005, after conducting a preliminary review of the petition, the Court issued an
11  order directing Petitioner to show cause why the petition should not be dismissed for violating the
12  one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).

13       On April 28, 2005, Petitioner filed a response to the order to show cause.

14  **DISCUSSION**

15  A.  <u>Procedural Grounds for Motion to Dismiss</u>

16       Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

17      If it plainly appears from the petition and any attached exhibits that the petitioner
    is not entitled to relief in the district court, the judge must dismiss the petition and
18      direct the clerk to notify the petitioner.

19  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of
20  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
21  dismiss, or after an answer to the petition has been filed. <u>See</u> <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th
22  Cir.2001).

23  B.  <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

24       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
25  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas
26  corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063
27  (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586
28  (1997).  The instant petition was filed on March 11, 2005, and thus, it is subject to the provisions of

the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the petition for review was denied by the California Supreme Court on April 19, 2000. Thus, direct review concluded on July 18, 2000, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner had one year until July 19, 2001, absent applicable tolling, to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001). Petitioner did not file his federal petition until March 11, 2005, over three and a half years after the limitations period had expired.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward" the one-year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir.2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir.2001) (Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

In this case, Petitioner did not file any post-conviction collateral challenges with respect to the pertinent judgment or claim in the state courts. Accordingly, Petitioner is not entitled to statutory tolling and the instant petition remains untimely.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, -- U.S. –, 188 S.Ct. 60, 139 (1997); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner argues that there were circumstances beyond his control which prevented him from

timely complying with the limitations period. Specifically, Petitioner contends that his institution of incarceration, Pelican Bay State Prison, was placed on lockdown status on February 23, 2000, for a period of over a year. Petitioner alleges he was not able to access the law library during this time. He states that he was not allowed to "program" until sometime in 2002. In addition, he claims he did not receive his legal documents and trial transcripts from his appellate attorney until October, 2002. Nevertheless, Petitioner's contentions do not save the petition. Assuming his contentions are true and the limitations period is tolled until October, 2002, Petitioner had until October, 2003, to file his federal petition. However, he delayed until March 11, 2005, well over a year after the limitations period expired.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 18, 2005**           **/s/ Lawrence J. O'Neill**
b9ed48                              UNITED STATES MAGISTRATE JUDGE