# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. C. RIDER THOMAS,            )<br>                                                    )<br>                    Petitioner,    )<br>                                                    )<br>        v.                                      )<br>                                                    )<br>RICHARD J. KIRKLAND,     )<br>                                                    )<br>                    Respondent.  )<br>_____) | CV F 05 0337 OWW LJO HC<br><br>ORDER ADOPTING FINDINGS AND<br>RECOMMENDATION<br>[Doc. #8]<br><br>ORDER DISMISSING PETITION FOR WRIT<br>OF HABEAS CORPUS<br>[Doc. #1]<br><br>ORDER DIRECTING CLERK OF COURT<br>TO ENTER JUDGMENT |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On May 18, 2005, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DISMISSED with prejudice for violating the statute of limitations set forth in 28 U.S.C. § 2244(d)(1). The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

    On May 26, 2005, Petitioner filed objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

Based on Petitioner's response to the order to show cause, the Magistrate Judge concluded the statute of limitations expired at the latest in October of 2003. In his objections, Petitioner argues the statute should also be tolled from June 27, 2003, to November 30, 2003, for the time he spent in administrative segregation. Petitioner's argument does not save the petition from being untimely. If this period of time were equitably tolled, the statute of limitations would have expired at the latest on April 4, 2004. Petitioner did not file his petition until March 11, 2005, almost a year later. Thus, there is no need to modify the Findings and Recommendations based on the points raised in the objections.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued May 18, 2005, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE; and

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:     June 15, 2005**                              **/s/ Oliver W. Wanger**
emm0d6                                                          UNITED STATES DISTRICT JUDGE